UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE HERMAN,

     Plaintiff,

v.                                   CASE NO: 8:08-cv-1192-T-23MAP

METROPOLITAN LIFE INSURANCE
COMPANY,

     Defendant.

_____/

## ORDER

The plaintiff sues (Doc. 1) Metropolitan Life Insurance Company ("MetLife") for unpaid long-term disability benefits.  MetLife counterclaims (Doc. 15) for reimbursement of overpaid benefits.  Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the plaintiff moves (Doc. 21) to dismiss the counterclaim, and MetLife responds (Doc. 27) in opposition.

### Factual Background

The following facts alleged by MetLife are presumed true for the purpose of evaluating the plaintiff's motion to dismiss the counterclaim.  MetLife administers the plaintiff's long-term disability plan (the "Plan"), which is regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  Between March 24, 2003, and March 1, 2006, MetLife paid the plaintiff long-term disability benefits totaling $342,196.80 ($9,721.50 per month). (Doc. 15, ¶ 18)  On July 23, 2003,

the plaintiff signed an "Agreement Concerning Long Term Disability Benefits," which

requires the plaintiff to notify MetLife upon receiving a Social Security Administration

("SSA") decision on her claim for Social Security Disability Income ("SSDI") and to

reimburse the Plan upon receipt of any retroactive SSDI benefits.  (Doc. 15, ex. 2) The

agreement states:

> . . .
> 2. After MetLife and/or Travelers has recalculated my monthly benefit
> payment and has determined the amount of the overpayment, I agree to
> repay MetLife and/or Travelers any and all such amounts which Metlife
> has advanced to me in reliance upon this agreement.
>
> 3. I agree to use the payments I receive or have received under [the
> disability or retirement provisions of the Social Security Act (including
> payments for my eligible dependents)] to repay MetLife and/or Travelers in
> a single lump-sum payment.
> . . .

(Doc. 15, ex.2 )  On December 7, 2006, finding that the plaintiff was disabled as of

September 24, 2002, the SSA approved the plaintiff's claim for SSDI benefits.  (Doc. 15,

ex. 3) The SSA awarded the plaintiff approximately $63,817.60.  (Doc. 15, ¶ 17) The

plaintiff fails to reimburse the Plan for the overpayment of benefits resulting from the

SSDI award.

<u>Standard of Review</u>

A pleading must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief."  Rule 8(a), Federal Rules of Civil Procedure.  In

evaluating the sufficiency of a pleading, well-pleaded facts are accepted as true and

resolved most favorably to the pleading party.  <u>Beck v. Deloitte & Touche</u>, 144 F.3d 732

(11th Cir. 1998) (citing <u>St. Joseph Hospital Inc. v. Hospital Corp. of Am.</u>, 795 F.2d 948

(11th Cir. 1986)).  However, under the notice pleading standard of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" supports the sufficiency of a pleading.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1271 (11th Cir. 2002), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc).

## Discussion

MetLife asserts four claims for relief in the counterclaim: unjust enrichment under federal common law (Count I), equitable relief under ERISA to enforce the terms of the Plan (Count II), breach of contract (Count III), and unjust enrichment under state law (Count IV).

## Equitable Relief Under ERISA

ERISA's civil enforcement provision allows a plan fiduciary to sue "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"  29 U.S.C. § 1132(a)(3).  "Equitable relief" refers only to "those categories of relief that were typically available in equity." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002) (internal citation and quotation omitted).  Restitution is available under section 1132(a)(3) "not to impose personal liability on the defendant but to restore to the

plaintiff particular funds or property in the defendant's possession." <u>Knudson</u>, 534 U.S. at 214.  Thus, MetLife's restitution claim is equitable if the parties' Agreement Concerning Long Term Disability Benefits "specifically identifie[s] a particular fund, distinct from the [plaintiff's] general assets . . .and a particular share of that fund to which [MetLife is] entitled."  <u>Sereboff v. Mid Atl. Med. Servs.</u>, 547 U.S. 356, 364 (2006); <u>see</u> <u>also</u> <u>Dillard's Inc. v. Liberty Life Assurance Comp. of Boston</u>, 456 F.3d 894, 900-01 (8th Cir. 2006).

Viewed most favorably to MetLife, the counterclaim states a claim for equitable relief under 29 U.S.C. § 1132(a)(3).  MetLife seeks to enforce a lien by agreement on a specifically identified fund—the plaintiff's SSDI award.  MetLife alleges entitlement to a specific portion of the fund—the entire amount of the award minus $5,300.00 for court-approved attorney fees in the SSDI action.  Finally, MetLife alleges that the fund is within the plaintiff's control. (Doc. 15, ¶ 36)  <u>See</u> <u>Popowski v. Parrott</u>, 461 F.3d 1367, 1373-74 (11th Cir. 2006) (interpreting two subrogation and reimbursement provisions in light of <u>Sereboff</u>).

The plaintiff also argues for dismissal of the counterclaim because MetLife seeks to recover funds received under the Social Security Act, which funds are protected from "execution, levy, attachment, garnishment, or other legal process." <u>See</u> 42 U.S.C. § 407.  For support, the plaintiff cites <u>Ross v. Pa. Mfrs. Ass'n Ins. Co.</u>, No. Civ.A 1:05-0561, 2006 WL 1390446 (S.D. W.Va. 2006), and <u>Mote v. Aetna Life Ins. Co.</u>, 435 F. Supp. 2d 827 (N.D. Ill. 2006).  "However, the better reasoned opinions that have addressed this issue hold that § 407(a)'s prohibition is not triggered by this kind of

reimbursement provision because the insurance company "'seeks the amount it overpaid [the claimant rather than] any of [the claimant's] Social Security benefits.'" Mattox v. Life Ins. Co. of N. Am., 536 F. Supp. 2d 1307, 1327 (N.D. Ga. 2008) (quoting Gilcrest v. Unum Life Ins. Co. of Am., No. 05-CV-923, 2006 WL 2251820, at *2 (S.D. Ohio, Aug. 4, 2006)); see also Dillard's Inc. v. Liberty Life Assurance Co. of Boston, 456 F.3d 894, 900-01 (8th Cir. 2006).  Accordingly, the plaintiff's motion to dismiss Count II of the counterclaim is **DENIED**.

Unjust Enrichment under Federal Common Law

Count I asserts a claim for unjust enrichment pursuant to federal common law. However, the "'six carefully integrated civil enforcement provisions found in § 502(a) of [ERISA] as finally enacted . . . provide strong evidence that Congress did <u>not</u> intend to authorize other remedies that it simply forgot [or decided not] to incorporate expressly." Sanson v. Gen. Motors Corp.,  966 F.2d 618, 622 (11th Cir. 1992) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)) (emphasis in original); see also Int'l Painters & Allied Trades Ind. Pension Fund v. Aragones, No. 8:07-cv-1138-T-23TBM, 2008 WL 2415025, at *8 (M.D. Fla. June 12, 2008) ("In enacting § 1132(a), Congress appears to have chosen to proscribe the type of monetary relief sought on a claim of unjust enrichment leaving no 'gap' needing filling by the creation of a federal common law remedy.").  "Declining to recognize a claim for unjust enrichment will not frustrate the policies of ERISA because the Court has already recognized that [MetLife] has a claim for equitable relief under the statute." Space Gateway Support v. Prieth, 371 F.

Case 8:08-cv-01192-SDM-MAP   Document 28   Filed 12/16/08   Page 6 of 6 PageID 201

Supp. 2d 1364, 1370 (M.D. Fla. 2005).  Accordingly, the plaintiff's motion to dismiss

Count I of the counterclaim is **GRANTED**.

State Law Claims

In Counts III and IV, MetLife asserts state law claims for breach of contract and

unjust enrichment, respectively.  However, ERISA's expansive preemption provision, 29

U.S.C. § 1144, preempts MetLife's state law counterclaims.  <u>See</u> <u>Aetna Health Inc. v.</u>

<u>Davila</u>, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates,

supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear

congressional intent to make the ERISA remedy exclusive and is therefore

pre-empted.").  Accordingly, the plaintiff's motion to dismiss Counts III and IV is

**GRANTED**.

Conclusion

The plaintiff's motion (Doc. 21) to dismiss the counterclaim is **GRANTED IN**

**PART** and **DENIED IN PART**.  The motion (Doc. 21) is **GRANTED** with respect to

Counts I, III, and IV, and Counts I, III, and IV are **DISMISSED**.  Because Count II of the

counterclaim states a claim for equitable relief pursuant to 29 U.S.C. § 1132(a), the

motion is **DENIED** with respect to Count II.

ORDERED in Tampa, Florida, on December 16, 2008.

_____<br>
STEVEN D. MERRYDAY<br>
UNITED STATES DISTRICT JUDGE

- 6 -