UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE HERMAN,

    Plaintiff,

v.                                                     CASE NO: 8:08-cv-1192-T-23MAP

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

The plaintiff sues (Doc. 1) Metropolitan Life Insurance Company ("MetLife") for unpaid long-term disability benefits. MetLife counterclaims (Doc. 15) for reimbursement of overpaid benefits. Each party moves (Docs. 35, 37) for summary judgment, and a July 13, 2009, order (Doc. 42) refers the motions to the magistrate judge for a report and recommendation. Following a hearing, the magistrate judge issues a report (Doc. 55), which recommends granting judgment for Metlife on the plaintiff's claim for benefits and granting judgment for the plaintiff on Metlife's counterclaim for reimbursement of overpaid benefits. Metlife objects (Doc. 58) to the magistrate judge's report, and the plaintiff responds (Doc. 61) in opposition to the objection.

Discussion

Following the plaintiff's receiving a retroactive award of Social Security disability benefits, Metlife seeks to enforce the ERISA plan's "Overpayment Reimbursement"

provision.  Metlife sues under 29 U.S.C. § 1132(a)(3), which permits a participant, beneficiary, or fiduciary of an ERISA plan to seek "appropriate equitable relief" to enforce the plan.  In the ERISA context, "appropriate equitable relief" includes only "those categories of relief that were typically available in equity."  Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993).  Metlife argues that restitution in this case provides an equitable remedy.  However, whether restitution "is legal or equitable depends on the 'basis for [the plaintiff's] claim,' and the nature of the underlying remedies sought." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002).  Restitution is available under Section 1132(a)(3) "not to impose personal liability on the defendant but to restore to the plaintiff particular funds or property in the defendant's possession." Knudson, 534 U.S. at 214.  Thus, MetLife's restitution claim is equitable if the parties' Agreement Concerning Long Term Disability Benefits "specifically identifie[s] a particular fund, distinct from the [plaintiff's] general assets, . . . and a particular share of that fund to which [MetLife is] entitled."  Sereboff v. Mid Atl. Med. Servs., 547 U.S. 356, 364 (2006); see also Dillard's Inc. v. Liberty Life Assurance Comp. of Boston, 456 F.3d 894, 900-01 (8th Cir. 2006).

Metlife objects that Metlife need not "submit evidence of an identifiable fund that remains 'intact' and in Plaintiff's possession to prevail on its counterclaim." (Doc. 58 at 5) Metlife relies on Sereboff, which states that a plan fiduciary's restitution action was proper despite the fiduciary's "inability to satisfy the 'strict tracing rules' for 'equitable restitution.'" 547 U.S. at 365.  In Sereboff, however, the fund sought by the fiduciary remained in a separate account maintained by the defendant; Sereboff fails to address

- 2 -

the imposition of a constructive trust or equitable lien over a dissipated fund.[*] If "'the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor,' and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant." Knudson, 534 U.S. at 213-14.

As the magistrate states in his report, the only evidence concerning the existence of an identifiable fund is the plaintiff's declaration that she no longer possesses any benefit received either from Metlife or as part of the retroactive Social Security award. The plaintiff states that she "will have to satisfy any judgment in this case . . . [from her] monthly Social Security Disability checks."  (Doc. 43 at 2)  Because no identifiable fund exists, Metlife seeks to recover a money judgment (which would allow Metlife to levy on the plaintiff's general assets) and not the transfer of title to an existing fund in the possession of the plaintiff.  See Administrative Comm. For the Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Horton, 513 F.3d 1223, 1229 (11th Cir. 2008) ("Under Knudson, Sereboff, and the other authorities cited above, the most important consideration is . . . that the settlement proceeds are still intact, and thus constitute an identifiable res that can be restored to its rightful recipient.").

---

[*] Metlife also relies on a footnote in Popowski v. Parrott, 461 F.3d 1367 (11th Cir. 2006), which states that a plaintiff need not, in the case of lien by agreement, "trace property or an asset rightfully belonging to that plaintiff 'into its products or substitutes' in the defendant's hands." 461 F.3d at 1374 n.8. However, Popowski holds merely that a plan fiduciary's attempt to recover overpaid benefits "sounds in equity only if the ERISA plan's language identifies 'both the fund . . . out of which reimbursement is due to the plan and the portion due the plan.'" Administrative Comm. For the Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Horton, 513 F.3d 1223, 1227 n.4 (11th Cir. 2008). Indeed, the Popowski panel specifically declines to reach "any issue of tracing," 461 F.3d at 1374 n.8, and neither Sereboff nor Popowski eliminates the requirement that the fund Metlife seeks to recover "constitute an identifiable res that can be restored to its rightful recipient."  Horton, 513 F.3d at 1229.

Conclusion

A de novo review of those portions of the report and recommendation to which Metlife objects reveals that the objections either are unfounded or otherwise require no different resolution of the motions for summary judgment. Accordingly, Metlife's objections (Doc. 58) are **OVERRULED**, and the magistrate judge's report (Doc. 55) is **ADOPTED**. The plaintiff's motion (Doc. 37) for summary judgment is **DENIED**. Metlife's motion (Doc. 35) for summary judgment is **GRANTED** with respect to the plaintiff's claim and **DENIED** with respect to Metlife's counterclaim. The Clerk is directed to (1) enter judgment in favor of Metlife and against the plaintiff on the plaintiff's claim for unpaid long-term disability benefits, (2) enter judgment in favor of the plaintiff and against Metlife on Metlife's counterclaim for reimbursement of overpaid benefits, (3) terminate any pending motion, and (4) close the case.

ORDERED in Tampa, Florida, on February 11, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Magistrate Judge